UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STERLING JOHNSON,
   Plaintiff,

vs.                                              No. 08-1234,

KEVIN LYONS, et.al.,
   Defendants

## MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Sterling Johnson, has filed his lawsuit pursuant to 42 U.S.C. §1983 against three defendants: Peoria County States Attorney Kevin Lyons, the Peoria City Police Chief John Doe and the Peoria Journal Star Newspaper.

The plaintiff claims the defendants violated his constitutional rights. Specifically, he says sometime in October or November of 2006 the Peoria Journal Star Newspaper ran an article that claimed he was a murderer. The plaintiff says the State's Attorney and the Police Chief provided this information to the newspaper and it is untrue.

The plaintiff chose to file his lawsuit pursuant to 42 U.S.C. §1983 which is designed to deter *state actors* from depriving individuals of their federally protected rights. *Wyatt v. Cole,* 504 U.S. 158 (1992). The newspaper is not a state actor. In addition, the plaintiff has failed to state a violation of his constitutional or federal rights.

**IT IS THEREFORE ORDERED:**

    1)    **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 2, 3], and this case is closed, with the parties to bear their own costs;**

2)     **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3)     **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4)     **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5)     **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)     **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 24th day of September, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE